UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN D. SMITH, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00930-RLY-TAB |
| | ) |
| LISA HAMBLEN HSA, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL AND
SECOND REQUEST TO SCHEDULE A RULE 26(F) HEARING**

**I.   Introduction**

Plaintiff, an incarcerated individual proceeding *pro se*, seeks to compel Defendants to produce electronically stored data—specifically, emails—that he argues were originally supposed to be produced with initial disclosures but still have not been provided to him. [Filing No. 68.] Plaintiff has also filed a second request for a Rule 26(f) hearing. [Filing No. 78.] Defendants object to both motions. For reasons explained below, these motions are denied.

**II.   Background**

On October 18, 2024, the Court set forth the pretrial schedule for this case. [Filing No. 50.] Within this schedule, the Court stated Defendants should provide initial disclosures, including written communications, to Plaintiff by December 16, 2024. Defendants notified the Court that they served the initial disclosures by December 16, and Plaintiff received the initial disclosures by that date. [Filing No. 57.] However, Defendants did not produce any emails. Instead, Defendants wrote to Plaintiff and stated that counsel needed time to sort through a large volume of written communications to sort out irrelevant or privileged communications.

On January 2, 2025, and January 16, 2025, Plaintiff sent Defendants notices of neglect for not yet sending over any communications. On January 22, 2025, Plaintiff submitted his initial motion for a Rule 26(f) hearing. [Filing No. 63.] The Court denied this motion because it failed to identify what discovery allegedly remained outstanding or how Defendants had been non-responsive. [Filing No. 65.] On January 29, 2025, Plaintiff filed a motion to compel and requested that the Court order Defendants to immediately provide the above-referenced emails. [Filing No. 68.] On February 6, 2025, Plaintiff filed his second request for a Rule 26(f) hearing, which pends. [Filing No. 78.]

### III. Discussion

Defendants object to Plaintiff's motion to compel. [Filing No. 74.] Defendants describe the steps they have taken to retrieve relevant written communications. On October 25, 2024, Defendants' counsel contacted the appropriate personnel at Defendant Centurion and requested an email search for all records sent from or received with Plaintiff's name ("John Smith", "Smith, John"), or his unique IDOC number from May 11, 2021, to the present day. Centurion responded that same day that the search had returned 1,758 results, and with additional attachments, a total of 3,386 results. On October 28, 2024, the results were uploaded to a document review staging explorer and Defendants' counsel began the lengthy process of reviewing the results for relevance and privilege. Counsel for Defendants also sent a non-party request to Bob Bugher, Chief Counsel for the Indiana Department of Correction on November 5, 2024, requesting an email search with the same keywords from May 11, 2021, to the present day. As noted above, Defendants timely served their initial disclosures upon Plaintiff by December 16, 2024, but advised Plaintiff that because Centurion's email search had returned a large number of responses, all relevant emails would be produced once a review for relevance or privilege was complete.

2

Defendants received a letter from Plaintiff on January 7, 2025, stating that Defendants' initial disclosures were "a joke" and accusing Defendants' counsel of running Plaintiff through hoops to wear him down. Plaintiff included a request for production of all emails not provided in initial disclosures and a request for admissions that he also later filed with the Court. On January 8, 2025, Plaintiff filed a "Documentation of Discovery Request" to the Court, which contained discovery requests similar, but not identical, to the RFP he had sent directly to Defendants. That same day, IDOC provided Defendants 840 results from IDOC's email search, which were added to the list of documents counsel was in the process of reviewing for production. On January 14, 2025, Defendants mailed their discovery responses to Plaintiff and once again advised Plaintiff that Centurion's (and now IDOC's) email searches had returned a large number of responses that were being reviewed for relevance and privilege and would be procedure once review was complete.

Defendants received notices of neglect from Plaintiff on January 15 and 16, 2025. In those documents, as well as an additional letter on January 28, 2025, Plaintiff used increasingly hostile language as set forth in Defendants' response [Filing No. 74]. Defendants highlight a portion of Plaintiff's January 28 letter in which Plaintiff claimed that United Healthcare CEO Brian Thompson was "gunned down" for actions similar to those of Defendants' counsel, and that he "would not shed a tear" if counsel experienced "this kind of redemption." [Filing No. 74-9, at ECF p. 1.] Plaintiff signed off on the letter with, "[t]he gloves are off; you and your clients can go xxxx your selfs [sic]." [Filing No. 74-9, at ECF p. 2.] The Court expects all parties, including *pro se* ones, to act respectfully. Hostile or threatening language will not be tolerated.

3

Defendants have not objected to or refused to produce the emails Plaintiff seeks. Rather, Defendants require additional time to guarantee that privileged communication or sensitive information of other individuals are not unintentionally produced. Defendants further noted for the Court that the majority of the emails in question have since been reviewed, and so far, there have been zero results relevant to Plaintiff or his claims. An order compelling discovery is unnecessary when there is no evidence Defendants are acting with any intentional delay or bad faith in failing to produce communications. Rather, Defendants' counsel has consistently kept Plaintiff updated on the process for reviewing a voluminous number of responses from Centurion and IDOC. Moreover, while Plaintiff's IDOC number is unique, his name (John Smith) is extremely common, and it is reasonable to assume many documents that were captured in a search of his name are completely unrelated to this Plaintiff. Defendants have responded to Plaintiff's discovery requests in a timely manner and in accordance with applicable rules.

Thus, Defendants' request for additional time to review the remaining emails in their possession to ensure only relevant, non-privileged information is produced is reasonable. Accordingly, Plaintiff's motion to compel [Filing No. 68] is denied. Defendants should provide Plaintiff with an update on its review of Centurion and IDOC's responses and produce to Plaintiff any relevant written communications by March 21, 2025.

The Court also addresses Plaintiff's second request to this Court to schedule a Rule 26(f) hearing. [Filing No. 78.] As noted above, the Court denied Plaintiff's first request for a hearing because the motion failed to identify what discovery alleged remained outstanding or how Defendants had been non-responsive. Plaintiff's latest motion is more detailed. However, it relates at least in part to the emails referenced above. Plaintiff also requests medical documents and medical records, including with Dr. Daniel Fulkerson. [Filing No. 78, at ECF p. 2.]

Defendants objected to Plaintiff's request for the production of Dr. Fulkerson's records because medical records from 2021 to 2023 had already been provided to Plaintiff with Defendants' initial disclosures; Plaintiff did not see Dr. Fulkerson until three years later; Defendants were not the custodians of Dr. Fulkerson's records; and Plaintiff's request was unduly burdensome and not calculated to lead to the discovery of admissible evidence.[1]  [Filing No. 82, at ECF p. 2.] Without waiving objection, Defendants advised Plaintiff that they had no responsive documents in their possession.  Defendants further objected to the production of Miami Correction Facility's records on largely the same grounds, as well as because Plaintiff did not transfer to Miami Correctional Facility until 2024, at which time he sustained a second assault and additional injuries unrelated to the current action.

The Court agrees that documents requested by Plaintiff that relate to injuries that occurred three years after the incidents at issue are irrelevant to determining whether Defendants acted with deliberate indifference toward Plaintiff in 2021.  If Plaintiff seeks records from a third party, he can attempt to request such documents via a subpoena.  Therefore, Plaintiff's second request for a hearing [Filing No. 78] is denied.

**IV.     Conclusion**

Accordingly, Plaintiff's motion to compel [Filing No. 68] and Plaintiff's second request for a Rule 26(f) hearing [Filing No. 78] are denied.  Defendants shall provide Plaintiff with an update on its review of Centurion and IDOC's responses and produce to Plaintiff any relevant written communications by March 21, 2025.

Date: 2/26/2025

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] The proper objection would be that the discovery is not relevant or proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).

Distribution:

All ECF-registered counsel of record via email

JOHN D. SMITH, II
974253
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only